Mr. Stephen Lisle The Lisle Law Firm, P.C. 1458 Plaza Place, Suite 101 Springdale, AR 72764-5273
Dear Mr. Lisle:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion regarding a Freedom of Information Act ("FOIA") request to review the personnel file of the City of Lowell's Chief of Police, Jerry Bowman. See letter from Leeanna Walker to Mayor Gary Edwards (May 19, 1997). You have submitted this request in your capacity of City Attorney of Lowell, and representative of the records' custodian. The question posed is "whether or not the records custodian should disclose these records."[1] You state that the Mayor of Lowell terminated Chief Bowman a few months ago, and that the City Council subsequently voted to reinstate him on a probationary status.
I have not been apprised of the custodian's decision regarding particular records (see n. 1, supra), nor do I have the actual records in question. I thus cannot opine definitively upon the release of any specific records. I will, however, set out the relevant legal tests to be applied, generally, in assessing the releasability of a "personnel file."
Typically, such a file includes both "personnel records" for purposes of the FOIA, and "employee evaluation and job performance records." See
A.C.A. § 25-19-105(c) (Repl. 1996). A description of the various types of records comprising each of these categories is given in Attorney General Opinions 96-142 and 94-127, copies of which are enclosed for your review. These are two distinct types of records, and the distinction is an important one because a different legal test applies to the release of each. Under the Arkansas FOIA, "personnel records" are generally open to inspection and copying by the public, except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A. § 25-19-105(b)(10) (Repl. 1996). In this regard, I have enclosed a copy of Attorney General Opinion 96-193, which discusses the application of this test in detail. Conversely, "employee evaluation or job performance records" are generally closed to public inspection, except upon the occurrence of certain specified events. "Employee evaluation or job performance records" are only open to public inspection if there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records in question "formed a basis for the decision to suspend or terminate the employee" and if there is a "compelling public interest in their disclosure." A.C.A. §25-19-105(c)(1). Each of the criteria listed above must be present before "employee evaluation or job performance records" may be released under the FOIA.
In this particular case, it appears from your correspondence that the initial decision to terminate Chief of Police Bowman was reversed when he was reinstated. It thus appears that the initial prong for the release of "employee evaluation or job performance" records has not been met. Suspension or termination is a prerequisite to the release of evaluation or job performance records. It has been stated generally that: "[t]he records are exempt [from disclosure] . . . if a decision to suspend or terminate [the employee] has been overturned." J. Watkins, The ArkansasFreedom of Information Act 134 (2nd ed. 1994), citing Op. Att'y Gen.91-180 (city council's decision to suspend police chief, which was vetoed by the mayor, and not overridden, was not a final suspension which would lead to release of the chief's job performance records). I have also previously opined that probation does not constitute suspension or termination. See, e.g., Op. Att'y Gen. 91-303. I thus assume in this instance that any employee evaluation or job performance records in Chief Bowman's personnel file are exempt from public inspection under the FOIA.
The custodian must, of course, review the personnel file to make the initial determination regarding the proper characterization of the records contained therein. The enclosed opinions should offer guidance for that review. One final note regarding your reference to "the specific allegations that were the basis of the Mayor's decision to terminate [Chief [Bowman][,]" is perhaps warranted. See letter from Stephen Lisle to Robert Fisher (May 27, 1997). If there are records documenting the referenced "allegations," it should be noted that such records may or may not be "employee evaluation or job performance records," depending upon the specific facts surrounding their creation. See generally Op. Att'y Gen. 96-258 (regarding employee complaints). I have enclosed copies of Attorney General Opinions 96-258, 96-257, and 96-033, which address the characterization of specific complaints/reports under various scenarios. I lack sufficient facts to determine whether any of these Opinions have applicability or will otherwise be helpful in guiding the custodian's review of the particular personnel file in this instance. To the extent there are any documented allegations, however, the Opinions may prove useful.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] My authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or evaluation records. It does not appear in this instance that the custodian has made an initial decision as to the disclosability of the records; but rather I have been asked to make the initial determination. I will, nevertheless, set forth the applicable legal analysis for the custodian's review. The custodian should be aware, however, that the responsibility for initial review and determination lies with him, subject to my review if requested.